**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 04 C 6167** |
| **v.** | ) | |
| | ) | **Judge Ronald Guzman** |
| **COMPASS INTERNATIONAL, INC.,** | ) | **Magistrate Judge Keys** |
| | ) | |
| **Defendant.** | ) | |

**CONSENT DECREE**

**THE LITIGATION**

1. Plaintiff Equal Employment Opportunity Commission ("EEOC") filed a Complaint alleging that since at least 1989, Defendant Compass International, Inc. ("Compass," "the Company" or "Defendant") violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq., ("Title VII") by discriminating against Charging Party Richard Torres and a class of employees (collectively, the "Class Members") by denying them a work environment free of national origin and race discrimination and subjecting them to a hostile work environment.

2. Compass filed an Answer in which it denied the allegations of the Complaint.

3. In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be finally resolved by entry of this Consent Decree ("Decree"). This Decree fully and finally resolves any and all issues and claims arising out of the Complaint filed by EEOC in this action. Nothing in this Decree shall be deemed to constitute an admission by either party with respect to the claims or defenses of the other.

## FINDINGS

4. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

a. This Court has jurisdiction of the subject matter of this action and of the parties.

b. The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of EEOC, the Charging Party, Compass, and the public interest are adequately protected by this Decree.

c. This Decree conforms with the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of Title VII and will be in the best interests of EEOC, the Charging Party, Compass, and the public.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

## NON-DISCRIMINATION

5. Compass, its directors, officers, agents, assigns, employees, and successors are permanently enjoined from engaging in any employment practice which discriminates on the basis of race and/or national origin; engaging in or being a party to any action, policy or practice that is intended to or is known to them to have the effect of harassing any employee on the basis of race and/or national origin; and/or creating, facilitating or tolerating the existence of a work environment that is hostile to employees based on race and/or national origin.

**NON-RETALIATION**

6. Compass, its officers, agents, employees, successors, assigns, and all persons acting in concert with it shall not engage in any form of retaliation against any person because such person has opposed any practice made unlawful under Title VII, filed a Charge of Discrimination under Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII, or asserted any rights under this Decree.

**MONETARY RELIEF**

7. The total amount of money to be paid by Defendant is $85,000 (eighty-five thousand dollars) for settlement for the damages claimed in this case. The monetary relief will be distributed to the Charging Party and Class Members as follows:

| | |
|---|---|
| Raymond Cazessus | $10,000.00 |
| Onnannong Moore | $25,000.00 |
| Lydia Rodriguez | $10,000.00 |
| Richard Torres | $40,000.00 |

8. EEOC will mail to the Charging Party and Class Members a copy of the Release Agreement attached as Exhibit A. Within ten (10) business days after receipt by the EEOC of a signed Release Agreement, the EEOC shall mail the Release Agreement to Compass. Within ten (10) business days after receipt by Defendant of a signed Release Agreement, Defendant shall issue and mail by certified mail to the Charging Party or Class Member who signed the Release Agreement a check for the amount specified above and a copy of the check to EEOC. The EEOC shall provide Defendant with current addresses for the Charging Party and Class Members.

**POSTING OF NOTICE**

9. Within fifteen (15) calendar days after entry of this Decree, Compass shall post a same-sized copy of the Notice attached as Exhibit A to this Decree at each of its facilities, in a conspicuous location, easily accessible to and commonly frequented by employees of Compass. The Notice shall remain posted for three (3) years from the date of entry of this Decree. Compass shall take all reasonable steps to ensure that the posting is not altered, defaced or covered by any other material. Compass shall certify to EEOC in writing within fifteen (15) calendar days after entry of the Decree that the Notice has been properly posted. Compass shall permit a representative of EEOC to enter Compass's premises for purposes of verifying compliance with this Paragraph at any time during normal business hours without prior notice.

**RECORD KEEPING**

10. For a period of three (3) years following entry of this Decree, Compass shall maintain and make available for inspection and copying by EEOC records (including name, age, social security number, address, telephone number of the complainant, a description of the complaint, and the resolution of the complaint) of each complaint of discrimination on the basis of race and/or national origin.

11. Compass shall make all documents or records referred to in Paragraph 10, above, available for inspection and copying within ten (10) business days after EEOC so requests. In addition, Compass shall make available all persons within its employ whom EEOC reasonably requests for purposes of verifying compliance with this Decree and shall permit a representative of EEOC to enter Compass's premises for such purposes on ten (10) business days advance notice by EEOC.

12. Nothing contained in this Decree shall be construed to limit any obligation Compass may otherwise have to maintain records under Title VII or any other law or regulation.

**REPORTING**

13. Compass shall furnish to EEOC the following written reports semi-annually for a period of three (3) years following entry of this Decree. The first report shall be due six (6) months after entry of the Decree. The final report shall be due thirty-five (35) months after entry of the Decree. Each such report shall contain:

a. A description of each complaint of race and/or national origin harassment or discrimination and the resolution of such complaint, occurring within the six (6) month period preceding the report;

b. A certification by Compass that the Notice required to be posted in Paragraph 9, above, remained posted during the entire six (6) month period preceding the report.

**ADOPTION AND DISTRIBUTION OF NEW POLICY AGAINST RACIAL HARASSMENT**

14. Compass shall adopt and distribute a policy against race and national origin harassment (the "Policy") to all employees within thirty (30) days after entry of this Consent Decree. The Policy shall, at a minimum: A) define race and national origin harassment and give examples of behavior that could constitute race and national origin harassment; (B) provide that employees can complain of race or national origin harassment, including harassment committed by Compass's CEO, to any person in the chain of command above the employee or directly to human resources personnel; (C) provide that employees are not required to complain of harassment to a person against whom they allege harassment; (D) provide that Compass will protect the confidentiality of harassment complaints to the extent possible; (E) provide that

employees who complain of race or national origin harassment or provide information related to such complaints will not be retaliated against and that employees engaging in retaliation will be subject to discipline; (F) provide that Compass will take immediate and appropriate corrective action if and when it determines that harassment has occurred; and (G) provide that employees who violate the Policy are subject to discipline up to and including discharge. Compass shall forward a copy of the Policy to the EEOC within fourteen (14) days after entry of this Decree. The inclusion of this paragraph in the Decree does not represent the EEOC's or the Court's approval of Compass's policy against race and national origin harassment.

15. The Policy shall be distributed to all of Defendant's employees and management staff and shall be included in any relevant policy or employee manuals kept by Defendant's business. The Policy shall also be kept and maintained in a conspicuous and accessible place for all employees and printed in a font that is easily legible (at least 12 point font).

16. A copy of the Policy shall be distributed to each new permanent or temporary employee on the day the employee is hired. The manager or human resources personnel responsible for distributing the Policy to each new employee shall review the Policy with the employee.

**TRAINING**

17. During each of the three (3) years covered by this Decree, Compass agrees that it shall conduct an annual training seminar for all employees regarding the Company's Policy prohibiting race and national origin discrimination and harassment and the process by which an employee may file a complaint of discrimination or harassment. A registry of attendance shall be maintained. The first training shall take place within ninety (90) days of entry of this Decree. In addition, during each of the three (3) years covered by this Decree, Compass shall provide

individual training to Ron Farrell regarding the Company's Policy prohibiting race and national origin discrimination and harassment and the process by which an employee may file a complaint of discrimination or harassment. The first training seminar shall take place within ninety (90) days of entry of this Decree.

18. Compass shall utilize the law firm of Franczek Sullivan P.C. to conduct the annual training seminars described above. At any time during the three (3) year period covered by this Decree, should Compass choose not to utilize Franczek Sullivan P.C. to conduct the training seminars described above, Compass agrees that it shall obtain the EEOC's approval of any other proposed trainer prior to the training seminar at issue. In addition, Compass agrees to provide EEOC in advance with the training proposal and other information regarding the proposed trainer.

19. Compass shall certify to the EEOC in writing within ten (10) business days after each training has occurred that the training has taken place and that the required personnel have attended. Such certification shall include: (i) the dates, location and duration of the trainings; (ii) a copy of the registry of attendance, which shall include the name and position of each person in attendance; and (iii) a listing of all current employees as of the date of the training. Compass shall certify to the EEOC in writing with ten (10) business days after each training required for Ron Farrell has occurred that the training has taken place. The certification shall include the date, location, and duration of the training.

20. Within ten (10) business days after the training has occurred, Compass shall provide the EEOC with copies of all pamphlets, brochures, outlines or other written material(s) provided to the participants of the training session(s).

## DISPUTE RESOLUTION

21. In the event that any party to this Decree believes that another party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance and shall afford the alleged non-complying party ten (10) business days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within ten (10) business days, the complaining party may apply to the Court for appropriate relief, which shall not exceed the terms of this decree.

## DURATION OF THE DECREE AND RETENTION OF JURISDICTION

22. All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of three (3) years immediately following entry of the Decree, provided, however, that if, at the end of the three (3) year period, any disputes under Paragraph 21, above, remain unresolved, the aggrieved party must inform the other party in writing regarding the nature of the outstanding dispute. If this action is taken, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

## MISCELLANEOUS PROVISIONS

23. Each party to this Decree shall bear its own expenses, costs and attorneys' fees.

24. The terms of this Decree are and shall be binding upon the present and future representatives, agents, directors, officers, assigns, and successors of Compass.

25. When this Decree requires the submission by Compass of reports, certifications, notices, or other materials to EEOC, they shall be mailed to: Compass Settlement, c/o Ann

Henry, Trial Attorney, Equal Employment Opportunity Commission, 500 West Madison Street, Suite 2800, Chicago, Illinois 60661. When this Decree requires submission by EEOC of materials to Compass, they shall be mailed to: Ronald J. Hein, Jr., Franczek Sullivan P.C., 300 South Wacker Drive, Suite 3400, Chicago, Illinois 60606.

For COMPASS INTERNATIONAL, INC.

Ronald J. Hem, Jr.
ARDC # 01175742
Franczek Sullivan P.C.
300 South Wacker Drive, Suite 3400
Chicago, IL 60606
(312) 786-6150

Lisa M. Spiegler
ARDC # 642999
Franczek Sullivan P.C.
300 South Wacker Drive, Suite 3400
Chicago, IL 60606
(312) 786-6181

For the EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1801 L Street, N.W.
Washington, D.C. 20507

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

For the EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Chicago District Office
500 West Madison Street, Suite 2800
Chicago, IL 60661

John Hendrickson
Regional Attorney
ARDC # 1187589
(312) 353-8551

Diane I. Smason
Supervisory Trial Attorney
ARDC # 6626130
(312) 353-7526

Ann M. Henry
Trial Attorney
ARDC # 6272394
(312) 353-8558

ENTER:

The Honorable Judge Ronald Guzman
United States District Judge

DATE:

12/15/05

# EXHIBIT A

**RELEASE AGREEMENT**

In consideration for $___________ paid to me by Compass International, Inc., in connection with the resolution of EEOC v. Compass International Inc., 04 C 6167 (N.D. Ill.), I waive my right to recover for any claims of race and/or national origin discrimination arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. that I had against Compass International, Inc. prior to the date of this release and that were included in the claims alleged in EEOC's complaint in EEOC v. Compass International Inc., 04 C 6167 (N.D. Ill.)

Date: ______________________ Signature: _________________________

# EXHIBIT B

# NOTICE TO ALL COMPASS EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court in EEOC v. Compass International Inc., No. 04 C 6167, settling a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against Compass International, Inc. ("Compass").

In its Complaint, EEOC alleged that Compass subjected employees to race and national origin harassment, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq., ("Title VII"). Compass filed an Answer in which it denied the allegations of the Complaint.

To resolve the case, Compass and EEOC have entered into a Consent Decree which requires, among other things, that:

1) Compass will pay monetary relief totaling $85,000.00;

2) Compass will adopt a policy against race and national origin harassment and provide training to employees on race and national origin harassment;

3) Compass will not discriminate on the basis of race or national origin and will not subject employees to harassment based on race or national origin; and

4) Compass will not retaliate against any person because he or she opposed any practice made unlawful by Title VII, filed a Title VII charge of discrimination, participated in any Title VII proceeding, or asserted any rights under the Consent Decree.

EEOC enforces the federal laws against discrimination in employment on the basis of disability, race, color, religion, national origin, sex, and age. If you believe you have been discriminated against, you may contact EEOC at (312) 353-8195. EEOC charges no fees. EEOC has a TTD number and has employees who speak languages other than English.

## THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

**This Notice must remain posted for three (3) years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to; Compass Settlement, EEOC 500 West Madison Street, Suite 2800, Chicago, Illinois 60661.**

Date:

The Honorable Ronald Guzman
United States District Court Judge